LAW OFFICE OF TERRENCE M. BROOKS
259 Martyr Street, Suite 101
C & A Building
Hagåtña, Guam 96910
Telephone:   (671) 472-6848/9
Facsimile:   (671) 477-5790

**Attorneys for Defendant**
**ANNETTE JOYCE GONZALEZ**
**a/k/a ANNETTE ROMERO**

FILED
DISTRICT COURT OF GUAM
OCT 20 2005
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>ANNETTE JOYCE GONZALEZ,  )<br>a/k/a/ ANNETTE ROMERO  )<br>  )<br>Defendant.  )<br>_____) | CRIMINAL CASE NO. 05-00039<br><br>**NOTICE OF OBJECTION**<br>**TO ADJUSTMENT FOR THE**<br>**ROLE IN THE OFFENSE** |

COMES NOW, David Rivera, Esq., duly appointed counsel for defendant ANNETTE JOYCE GONZALEZ, a/k/a/ ANNETTE ROMERO, and hereby OBJECTS to the finding that defendant was "an organizer of a criminal activity" as stated in Paragraph No. 52 of the draft Presentence Investigation Report ("PSIR"). Said PSIR was received in counsel's office on October 6, 2005. Therefore this objection is timely in accordance with Federal Rule of Criminal Procedure Rule 32 (f)(1).

### Nature and Result of Characterization

According to the PSIR, the Defendant was " the source of drug supply in California for Peralta, Cole, and Morales. She was the point of contact to the drug supplier who was entrusted to receive money from Guam, purchase the drugs, and then find a way to get the drugs back to Guam. The Defendant admitted that she initially began bringing the drugs back herself, however,

sometimes she would make arrangements for another courier to carry the drugs back and purchase their plane tickets." PSIR Par. 52. The PSIR concludes from certain facts stated therein that the Defendant "organized the purchase and shipment of drugs from California to Guam thereby making her an organizer of a criminal activity that involved five or more people...." Id. Citing U.S.S.G. §3B1.1(a), the PSIR states that a four level enhancement is warranted. Id.

### Basis of Objection

Defendant respectfully submits that the conclusions that flow from the above facts are unfair and fail to recognize that among all other charged individuals, defendant's role was the smallest. Defendant has been a drug addict for most of her adult life. In the statement of facts contained in the PSIR, it is noteworthy that defendant's name is hardly mentioned during the summary of criminal activities that form the basis for the charges to which she plead guilty. This is because she was neither an "organizer" nor one with a primary role. It was the defendant's drug addiction that made her useful to others in this crime.

The first line in Paragraph 52 of the PSIR reads that defendant was "the source of drug supply in California for Peralta, Cole, and Morales." While she may have purchased drugs for them on a couple of occasions, she did so only at their request and as a favor. Since she was a drug addict she knew where to go. She acted simply as an intermediary. Her benefit was a continued fix and a very small amount of cash.

As for being entrusted to receive money from Guam, in reality she was being used by others to receive money wired from Guam. She was required to immediately give over all of the funds to others. Virtually none of the money wired to Guam found its way to the Defendants pocket. Again, she let them send money to her at their request and as a favor. She was clearly being used by others and was no more than an intermediary.

The PSIR states that the defendant "initially began bringing the drugs back herself." This implies that this was done several times. In fact, she only did it once.

Everything that Defendant did in this case, including the purchase of air tickets for others, was done at the request of individuals that she had known for a long time. Her motivation was the knowledge that she would be able to continue receiving the drugs that she craved. Any

financial gain was a pittance compared to the sums taken by others. Defendant was an ideal dupe used by others to their own advantage. The best thing for the Defendant that has come of this case so far was the drug treatment ordered by the District Court in Northern California. When Defendant arrived here on Guam from California in response to the Warrant of Arrest, she had been drug and alcohol free for the longest period of her life since becoming an adult.

To characterize the Defendant as "an organizer" is to place her in a role far beyond that which she was even capable of. Defendant clearly recognizes the wrongfulness of the conduct that she engaged in. Her own wrongful conduct, however, is unfairly amplified by four levels.

## Conclusion

For the reasons stated above, it is respectfully submitted that a four level enhancement as "an organizer" is not warranted for defendant ANNETTE JOYCE GONZALEZ, a/k/a/ ANNETTE ROMERO.

Respectfully submitted this 20th day of October, 2005.

THE LAW OFFICE OF TERRENCE M. BROOKS

By: _____
David Rivera, Esq.
*Attorney for Annette Joyce Gonzalez a/k/a Annette Romero*